UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS
(Kansas City Division)

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **CRESCENT OIL COMPANY, INC.,** *et al.*,[1] | ) | **Case No. 09-20258** |
| | ) | |
| | ) | **Jointly Administered** |
| | ) | |
| **Debtors.** | ) | |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MESIROW FINANCIAL CONSULTING LLC *NUNC PRO TUNC* TO MARCH 2, 2009 AS ITS FINANCIAL ADVISORS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 cases of Crescent Oil Company, Inc., et al., debtors and debtors-in-possession herein (the "Debtors"), submits this application (the "Application") for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the retention and employment of Mesirow Financial Consulting, LLC ("MFC"), as financial advisors to the Committee *nunc pro tunc* to March 2, 2009. In support of this Application, the Committee relies upon the affidavit of Larry H. Lattig (the "Lattig Affidavit"), which is attached hereto and incorporated herein by reference, and respectfully represents as follows:

---

[1] On February 10, 2009, the Court signed an order for Joint Administration for the cases of Crescent Oil Company, Inc. (Case No 09-20258); Crescent Fuels, Inc. (Case No 09-20259); Crescent Stores Corporation (Case No 09-20260); Crescent Business Development Corp (Case No 09-20261); and Crescent Realty, Inc. (Case No 09-20262).

## JURISDICTION AND VENUE

1) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2). Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2) The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3) The statutory predicates for the relief sought herein are sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and 5002.

## BACKGROUND

4) On February 7, 2009 and February 8, 2009 (the "Petition Dates"), the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5) On February 23, 2009, the Office of the United States Trustee appointed the following creditors as members of the Committee:

> Coca-Cola Enterprises, Inc.;
>
> Amcon Distributing Company;
>
> Placid Refining Company LLC;
>
> Gary-Williams Energy Corporation;
>
> P.B. Hoidale Co., Inc.
>
> Apex Oil Company, Inc.
>
> Conoco Phillips Company

6) At a duly conducted meeting held on March 2, 2009, the Committee interviewed several potential financial advisors and after due deliberation and a vote, decided to retain MFC as its financial advisors in these Chapter 11 cases.

7) Established in 1987, Debtors have served fuel distribution and convenience store markets for over 20 years. Corporate offices are located at 116 W. Myrtle, Independence, Kansas. Debtors distribute petroleum to over 340 locations in Kansas, Oklahoma, Arkansas, Missouri, Illinois and Louisiana. Debtor Crescent Stores Corporation ("CSC") operates 35 convenience stores at various locations in Kansas, Missouri, Arkansas, and Louisiana. Debtors distributed 282 million gallons of petroleum in 2007. For the nine months ending September 30, 2008, Debtors distributed 215 million gallons of petroleum.

8) Debtors have continued in the operation of their businesses since the Petition Date. Any interruption of cash flow, even on a temporary basis, would severely and irreparably harm their operations and be detrimental to the value of their assets, which is optimized by the use of those assess in a going concern.

## RELIEF REQUESTED

9) By this Application, the Committee requests authorization to retain and employ MFC as its financial advisors in these Chapter 11 cases. Specifically, the Committee respectfully requests entry of an order pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code authorizing MFC to perform those financial advisory services that will be necessary during these Chapter 11 cases as more fully described below.

## SERVICES TO BE RENDERED

10) The Committee anticipates that MFC may render the following services in these cases:

    a. Assistance in the review of reports or filings as required by the Bankruptcy Court or the Office of the United States Trustee, including, but not limited to, schedules of assets and liabilities, statements of financial affairs and monthly operating reports;

    b. Review of the Debtors' financial information, including, but not limited to, analyses of cash receipts and disbursements, financial statement items and proposed transactions for which Bankruptcy Court approval is sought;

  c.  Review and analysis of the reporting regarding cash collateral and any debtor-in-possession financing arrangements and budgets;

  d.  Evaluation of potential employee retention and severance plans;

  e.  Analysis of assumption and rejection issues regarding executory contracts and leases;

  f.  Review and analysis of the Debtors' proposed business plans and the business and financial condition of the Debtors generally;

  g.  Assistance in evaluating reorganization strategy and alternatives available to the creditors;

  h.  Review and critique of the Debtors' financial projections and assumptions;

  i.  Preparation of enterprise, asset and liquidation valuations;

  j.  Assistance in preparing documents necessary for confirmation;

  k.  Advice and assistance to the Committee in negotiations and meetings with the Debtors and the bank lenders;

  l.  Advice and assistance on the tax consequences of proposed plans of reorganization;

  m.  Assistance with the claims resolution procedures, including, but not limited to, analyses of creditors' claims by type and entity;

  n.  Litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters; and

  o.  Other such functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 cases.

11) Subject to this Court's approval of the Application, MFC is willing to serve as the Committee's financial advisors and to perform the services described above.

## QUALIFICATIONS OF PROFESSIONALS

12) The Committee has selected MFC as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

13) The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. MFC has considerable experience with

4

rendering such services to committees and other parties in numerous Chapter 11 cases. As such, MFC is qualified to perform the work required in these cases.

## DISINTERESTEDNESS OF PROFESSIONALS

14) To the best of the Committee's knowledge and based upon the Lattig Affidavit, MFC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

15) To the best of the Committee's knowledge and based upon the Lattig Affidavit, MFC does not hold or represent an interest adverse to the estates with respect to the matter on which MFC will be employed, in accordance with section 1103(b) of the Bankruptcy Code.

16) To the best of the Committee's knowledge and based upon the Lattig Affidavit, (1) MFC's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed at Exhibit B to the Lattig Affidavit; and (2) the MFC professionals working on this matter are not relatives of the United States Trustee of the District of Kansas or of any known employee in the office thereof, or any United States Bankruptcy Judge of the District of Kansas.

17) MFC has not provided, and will not provide any, professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

## PROFESSIONAL COMPENSATION

18) MFC's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate except as noted below. The Committee has agreed to compensate MFC for professional services rendered at its normal and customary hourly rates.

19) In the normal course of business, MFC revises its hourly rates on April 1 of each year. MFC requests that the rates listed below be revised to the hourly rates that are in effect at the

time services are rendered.  The current normal and customary hourly rates for financial advisory services to be rendered by MFC and applicable herein are as follows:

| Level | Current Rates | Rates effective April 1, 2009 |
|---|---|---|
| Senior Managing Director, Managing Director and Director | $670-$710 | $700-$750 |
| Senior Vice-President | $580-$640 | $610-$670 |
| Vice President | $470-$540 | $510-$570 |
| Senior Associate | $370-$440 | $410-$470 |
| Associate | $220-$320 | $220-$350 |
| Paraprofessional | $90-$190 | $100-$195 |

20)     For purposes of this engagement, MFC has agreed with the Committee that its average hourly rate (calculated by dividing the value of services rendered (hours times billable rates) by the number of hours of services rendered) will not exceed $350 per hour.

21)     MFC will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

22)     MFC intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  MFC has agreed to accept as compensation such sums as may be allowed by the Court.  MFC understands that interim and final fee awards are subject to approval by this Court.

### *NUNC PRO TUNC* **RELIEF REQUESTED**

23)     Pursuant to the Committee's request and due to exigent circumstances, MFC commenced this engagement immediately and with assurances that the Committee would seek approval of its employment *nunc pro tunc* to March 2, 2009.

24) Based upon the foregoing, the Committee submits that cause exists to authorize the retention of MFC *nunc pro tunc* to March 2, 2009.

25) No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, (i) granting this Application, (ii) authorizing the Committee to retain and employ MFC as its financial advisors *nunc pro tunc* to March 2, 2009 to perform the services set forth herein, (iii) granting such other and further relief as is just and proper.

Dated: March 10, 2009

                              THE OFFICIAL COMMITTEE OF
                              UNSECURED CREDITORS OF
                              CRESCENT OIL COMPANY, INC., et al.

By: _____
Name: William Kaye,
       Coca-Cola Enterprises, Inc.
       Chairperson of the Committee

7