UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS
KANSAS CITY

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 11 |
| | ) | |
| **CRESCENT OIL COMPANY, INC,** *et al.*, | ) ) | Case No. 09-20258-RDB |
| Debtors. | ) | Jointly Administered |

**SECOND INTERIM APPLICATION OF SPENCER FANE BRITT & BROWNE LLP
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS COUNSEL FOR DEBTORS-IN-POSSESSION FOR THE PERIOD
<u>SEPTEMBER 1, 2009 THROUGH FEBRUARY 28, 2011</u>**

Spencer Fane Britt & Browne LLP ("SFBB"), for its Second Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period September 1, 2009 through February 28, 2011 (the "Application"), pursuant to Standing Order No. 2 Establishing Procedures for Interim Compensation and Establishing Fee and Expense Guidelines ("Standing Order No. 2") entered by this Court on February 11, 2009, respectfully states as follows:

<u>**Jurisdiction, Venue and Background**</u>

1. Debtor Crescent Oil Company, Inc. ("Crescent Oil") filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on February 7, 2009 (the "Petition Date").

2. The remaining Debtors commenced the captioned cases by filing separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Code") on February 8, 2009.

3. No trustee or examiner has been appointed in the captioned cases. An Official Committee of Unsecured Creditors (the "UCC") has been appointed in the captioned cases.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief sought herein include 11 U.S.C. § 330(a), 331 and 503(b)(2) and Bankruptcy Rule 2016.

5. Established in 1987, Debtors had served fuel distribution and convenience store markets for over 20 years. Corporate offices were located at 116 W. Myrtle, Independence, Kansas. Debtors distributed petroleum to over 340 locations in Kansas, Oklahoma, Arkansas, Missouri, Illinois and Louisiana. Debtor Crescent Stores Corporation operated 35 convenience stores at various locations in Kansas, Missouri, Arkansas, and Louisiana. Debtors distributed 282 million gallons of petroleum in 2007. For the nine months ending September 30, 2008, Debtors distributed 215 million gallons of petroleum.

**Relief Requested**

6. On the Petition Date, to assist Debtors in administering their cases and the sale of substantially all of their assets, Debtors sought, and on February 11, 2009, obtained this Court's approval to retain SFBB as its general and bankruptcy counsel to handle all matters involving Debtors in the course of the captioned Chapter 11 proceedings.

7. SFBB is a law firm in Kansas City, Missouri. In addition to its bankruptcy and reorganization expertise, SFBB possesses broad experience and capacity in various critical areas of business law, including but not limited to litigation, corporate transactions, banking, real estate, tax, insurance, labor and employment, intellectual property and environmental. This collective expertise has allowed SFBB to promptly and efficiently address the various complex issues which have arisen in connection with the captioned cases.

8. Pursuant to 11 U.S.C. §§ 330(a) and 331, Bankruptcy Rule 2016 and Standing Order No. 2, SFBB hereby submits its Second Interim Application for Fees and Expenses for the period September 1, 2009 through February 28, 2011 (the "Second Compensation Period"). For the Second Compensation Period, SFBB requests a total award of $711,130.93, consisting of fees in the amount of $699,194.25 and reimbursement of ordinary and necessary expenses in the amount of $11,936.68, which amounts are based upon this Second Application and **Exhibit A** attached hereto, the pleadings, papers and records on file in the captioned cases and any evidence and oral argument which the Court may entertain at a hearing on this Second Application.

9. Included in this $699,194.25 fee amount is $139,838.85, which represents the 20% professional fee holdback referenced in Standing Order No. 2. SFBB seeks interim allowance of payment of the amounts stated herein, including the 20% holdback on professional fees.

10. On November 30, 2009, SFBB filed its First Interim Application for Compensation and Reimbursement of fees in the amount of $1,091,916.25 and expenses in the amount of $28,463.87 as Counsel for Debtors-in-Possession for the period February 7, 2009 through August 31, 2009. On December 29, 2009 this Court entered its Order approving same (the "First Interim Order") and received payments thereon from the Debtors with the agreement of Debtors' largest creditor M&I Marshall Ilsley Bank ("M&I") and included amounts paid out of proceeds of a sale of substantially all of Debtors' assets which Sale closed on September 4, 2009 (the "Sale") and from additional payments by Debtors from monies being brought back into the estates from various sources: commercial and governmental deposit refunds, settlements in connection with adversary proceedings filed by Debtors, additional sales of estate assets not sold pursuant to the Sale, insurance refunds for prepaid policies, and other recoveries all as a result of

SFBB's services in conjunction and working cooperatively with the UCC's counsel and counsel for M&I (collectively "Recovered Estate Funds").

**Summary of Services Rendered During Second Compensation Period**

11. As set forth in SFBB's First Interim Fee Application, SFBB closed the Asset Purchase Agreement (the "APA") transaction on September 4, 2009 (the "Closing"). However, there were various aspects of the Closing to be completed after September 4. This was a difficult and complex Closing, required because of the time limitations imposed by §365(d)(4), and resulted in literally twenty-four hour workdays to accomplish the same. The Closing resulted in proceeds paid to many parties including: cure defaults on leases and executory contracts, a $600,000 payment to be distributed to unsecured creditors, and substantial payments in the millions of dollars to Debtors' secured creditors.

12. Immediately following the Closing, SFBB had post-closing matters to finalize including preparing and filing a host of pleadings to comply with the APA, and to enable the transfer of proper title to vehicles, real property, and assignments of a substantial number of executory contracts.

13. In September and October of 2009 work continued on compiling, organizing and preparing post-closing deliveries including: an extensive review of personal and real property taxes for proper proration of taxes for completion of the closing statement; dealing with disputes concerning a marketing agreement with Valero Marketing and Supply Company to comply with the terms of the APA, and Debtors' obligations thereunder; and numerous resolutions of disputes concerning cure default claims including a two (2) day trial on the claims of H.M. of Topeka, LLC, in a manner favorable to the estates; resolution of issues concerning the perfection and non-perfection of certain secured creditors' claims – what assets were sold free and clear of liens,

resolution of credit–bidding rights, and appropriate payment procedures for payments to secured creditors.

14. Additionally in October of 2009, Debtors also worked with M&I in a number of objections regarding Administrative Claims made by J&J Development, Vehicle Washing Systems, Murphy Oil, and H.M. of Topeka, requiring negotiations and court appearances.

15. In November 2009 SFBB engaged in research and material review and meetings regarding the termination of the Management Agreement and regarding proper regulatory licensing for operating the sites in the six different states. November began research and analysis regarding preference and collection matters. SFBB's first application for fees and reimbursement of expenses was compiled, completed and filed with the Court on November 30, 2009.

16. In December 2009 SFBB continued with preference analysis and further attention to tax matters as end-of-year data became available requiring further adjustments to the closing statement and meetings between interested parties as well as numerous continued post-closing matters.

17. In January 2010, Debtors filed a Motion for Assumption and Assignment of Certain Operator Agreements and to Reject Remaining Operator Agreements Pursuant to 11 U.S.C. Sec. 365 to further comply with the APA which resulted in the filing of numerous objections requiring responses, Court appearances and negotiations to ultimately resolve all of the related issues. A second motion to reject further executory contracts regarding various operator agreements was prepared and filed in February of 2010.

18. SFBB worked with Debtors throughout January and February 2010 in distributing hundreds of W2 forms to former employees and to file all remaining required income/loss reports and tax returns.

19. On February 2, 2010, SFBB prepared and filed Debtors' Motion for Authority to Reject Crescent Oil Company, Inc. 401(k) Retirement Plan Pursuant to 11 U.S.C. §§ 365 and 502(g) and to Terminate Crescent Oil Company, Inc. 401(k) Retirement Plan as part of the eventual closing and/or transfer of all of the Debtors' assets and operations and resolved issues concerning final claims regarding amounts due Nachman Hays Brownstein, Inc. for fees.

20. On March 10, 2010, SFBB filed Debtors' amended schedules D, E, F, G and H to accurately reflect properties incorrectly scheduled and to properly assign/reject for compliance with the APA. Later in March 2010, SFBB filed 15 adversary proceedings in connection with collections of prepetition judgments held by Debtors, but not yet executed upon.

21. On April 5, 2010, a Motion for an Order Determining that Its Real Estate Lease and Motor Fuel Marketing Agreement with the Debtor has been Rejected Pursuant to 11 U.S.C. Sec. 365(d)(4) was filed on behalf of Wellsville Market, Inc., and a similar motion filed by Grand Slam LLC resulting in the preparation of pleadings, negotiations and numerous court appearances to resolve complex issues concerning the nature of certain operating and consignment agreements and whether they were subject to assumption and assignment. These issues were handled by Judge Somers and ultimately resulted in additional payments to the estates for sales of assets not sold pursuant to the Sale.

22. On June 9, 2010, SFBB prepared and filed Objections to Motions to Construe, Enforce and Implement Sale Order filed by National Reality Properties and Jump Oil & Propane

6

WA 2453481.2

Case 09-20258    Doc# 1594    Filed 06/08/11    Page 6 of 15

to resolve issues and clarifying Debtors' status in connection with these former creditors in light of the Sale. Further review, negotiations and court appearances were required.

23. In August 2010, SFBB performed research, review and drafting to prepare a Motion for Authority to Enter Into Settlement Agreements for Accounts Receivable and to File Under Seal Filed on behalf of Debtor Crescent Oil Company, Inc., and a Motion for Approval of Settlement of Outstanding Accounts Receivable, Nunc Pro Tunc, To November 23, 2009 and to File Exhibit Under Seal filed September 2, 2010, and the Orders approving same which were entered September 28, 2010.

24. In October and November 2010 SFBB concluded assignment/assumption details, reviewed the status of operator agreements for compliance with the APA and judgment collection adversary matters; researched and prepared 11 U.S.C. §§ 547, 548 and 549 demand letters, as well as further follow up letters, to various insider parties in contemplation of preference actions; and worked on ConocoPhillips preference issues.

25. On December 3, 2010, SFBB prepared and filed Debtors' Motion to Sell Assets in Conjunction with Motion to Assume and Assign Certain Operator Agreements to bring further monies into the estates. On December 30, 2010, SFBB completed and filed an Adversary Complaint on behalf of Crescent Oil Company, Inc., and Crescent Business Development Corp. against ConocoPhillips Company.

26. In December 2010 and January 2011, SFBB worked with the UCC concerning claims objections and on January 15, 2011, objections to claims were filed which required extensive communications and review. Intensive research, meetings and gathering of data for review took place during the end of December and beginning of January in preparation for

avoidance-claim actions. By the end of January 2011, 38 Adversary Complaints were prepared and filed.

27. On February 1, 2011, a Motion for Order Approving Settlement With Community National Bank & Trust (Neodesha, Kansas) Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Stipulation for Tolling of Statute of Limitations was prepared and filed to protect Debtors' interest in Debtors' deposit funds held by the bank . By February 6, 2011, six more avoidance-claim actions were prepared and filed, one exclusively in connection with insiders having 25 defendants. All of the aforementioned insider complaints/actions involved complicated accounting and business issues to be identified, summarized and reduced to pleadings. Service issues were researched and resolved and the suits were ultimately all completed and filed in a timely manner.

28. Debtors have had considerable amounts of post-closing work in connection with wrapping up the ancillary issues of the Closing; moving forward with its administrative responsibilities; and, more recently, the preparation and filing of the above-stated Adversary Complaints against over 90 defendants.

29. Debtors' objective in proceeding through the Chapter 11 process is, and has been, to maximize distributions to both secured and unsecured creditors by selling substantially all of Debtors' assets, identifying and pursuing additional estate assets, and the pursuit of any avoidance actions.

30. SFBB's representation of Debtors during the Second Compensation Period has required a total of **2,588.94** hours of service to Debtors at a **blended hourly rate of $270.06 per hour.**

8

WA 2453481.2

Case 09-20258    Doc# 1594    Filed 06/08/11    Page 8 of 15

31. In connection with rendering professional services during the Second Compensation Period, SFBB expended the following amounts of time by its attorneys and legal staff:

| Billing Month | Hours | Attorney Fees | Expenses | Total Fees and Expenses |
|---|---|---|---|---|
| September 2009 | 454.25 | $132,124.75 | $1,474.73 | $133,599.48 |
| October 2009 | 121.50 | $36,261.50 | $333.88 | $36,595.38 |
| November 2009 | 133.20 | $40,977.50 | $170.34 | $41,147.84 |
| December 2009 | 89.50 | $25,544.50 | $192.95 | $25,737.45 |
| January 2010 | 93.0 | $27,244.00 | $109.85 | $27,353.85 |
| February 2010 | 170.95 | $46,464.00 | $561.70 | $47,025.70 |
| March 2010 | 189.80 | $51,533.25 | $694.23 | $52,227.48 |
| April 2010 | 131.17 | $29,545.75 | $3,484.06 | $33,029.81 |
| May 2010 | 178.07 | $48,934.80 | $809.68 | $49,744.48 |
| June 2010 | 136.45 | $40,630.00 | $225.95 | $40,855.95 |
| July 2010 | 53.35 | $10,216.00 | $81.57 | $10,297.57 |
| August 2010 | 56.4 | 13,215.00 | 8.10 | 13,223.10 |
| September 2010 | 28.25 | 6,609.50 | 86.29 | 6,695.79 |
| October 2010 | 56.5 | 16,266.40 | 11.10 | 16,277.50 |
| November 2010 | 37.40 | 8,953.75 | 26.19 | 8,979.94 |
| December 2010 | 68.30 | 17,047.00 | 159.35 | 17,206.35 |
| January 2011 | 310.0 | 81,193.20 | 881.36 | 82,074.56 |
| February 2011 | 280.85 | 66,433.35 | 2625.35 | 69,058.70 |
| **TOTAL** | **2588.94** | **$699,194.25** | **$11,936.68** | **$711,130.93** |

32. SFBB maintains detailed daily time records in the ordinary course of its business. These time records are prepared contemporaneously with the rendition of services to a client. These time records set forth the person performing the services, the date such services are rendered, a detailed description of the services and the length of time spent delivering those services. SFBB has recorded time in the captioned cases in increments of $1/10^{th}$ of an hour. The detailed time records are attached hereto as **Exhibit A**, respectively.

**Description of Services Rendered as Counsel to Debtors**

33. In addition to what has been previously provided as detail concerning the services rendered by SFBB, the following is a brief description of the principal activities in which SFBB has been engaged as counsel to Debtors during the Second Compensation Period:

(a) Continued work to complete the September 4, 2009 closing, including an extensive review of personal and real property records of the Debtors [the Debtors began their bankruptcy with approximately 340 locations of operation and/or interests listed upon their master asset list] and all matters relating thereto including numerous hearings, claim and cure objection resolutions and numerous other transactions;

(b) Prepare for and represent Debtors, including numerous motions, orders, requiring SFBB to work through all necessary procedures for the transitioning (assumptions, assignments and/or rejections of executory contracts and unexpired leases) of Debtors' assets throughout six states. This activity included working through issues in connection with the Management Agreement. Debtors also had to properly close remaining locations and terminate employment of remaining employees upon receiving lists of rejected executory contracts and unexpired leases;

(c) Prepare for and attend a great number of hearings related to contract/agreement and claim disputes with many of Debtors' fuel suppliers, lenders, operators, vendors, landlords and insider affiliates;

(d) Work through the personnel issues including the proper transitioning of 401(k) and COBRA liabilities and assisting with the delivery of 2009 W2 statements to hundreds of employees;

(e) Compile data and materials and litigation in connection with collection of accounts receivable matters;

(f) Work through the processes necessary to recover funds back into the estates from commercial and regulatory deposits, the closing of bank accounts, and prepaid insurance premiums;

(g) Work with the Debtors to resolve issues concerning Debtors' claims in a related bankruptcy case involving APPCO;

(h) Consult with Debtors concerning the various legal and financial issues related to administration of the captioned cases; and

(i) Gather materials, organize and review records and materials to complete the preparation and filing of over 65 Adversary Complaint on behalf of the Debtors since the First Compensation Period.

34. The services rendered are categorized below and the dollar amounts billed for each category is as follows:

| **Category** | **Hours** | **Dollar Amount** |
|---|---|---|
| Chapter 11 Bankruptcy | 125.05 | $47,336.00 |
| Case Administration | 491.15 | $88,928.75 |
| Creditor Negotiations | 2.1 | $325.50 |
| Claims Administration and Objections | 11.80 | $2,667.00 |
| Employment and Fee Applications | 38.40 | $6,216.50 |
| Avoidance Actions | 344.75 | $78,322.40 |
| Sale of Assets | 369.90 | $110,517.75 |
| Employment Issues | .10 | $47.00 |

| | | |
|---|---|---|
| Management Agreement | 41.35 | $13,771.00 |
| Hearings | 18.90 | $5,938.50 |
| Business Operations | 2.20 | $484.00 |
| Real Property Leases | 68.50 | $17,244.00 |
| Environmental | 3.0 | $1,025.00 |
| Taxes | 67.90 | $16,787.50 |
| Phil Near Litigation | 7.10 | $1,223.50 |
| Collections | 21.80 | $6,934.50 |
| M&I Account Receivable project | 250.02 | $48,732.85 |
| Preference Actions | 586.05 | $204,063.50 |
| Operator Agreements | 139.40 | $48,629.00 |
| **Totals** | **2588.94** | **$699,194.25** |

## Expenses Incurred

35. Code § 330 authorizes "reimbursement for actual, necessary expenses" incurred by a debtor's attorney. SFBB incurred $11,936.68 in actual, reasonable and necessary expenses during the Second Compensation Period. SFBB has billed its expenses as follows:

| **Expense Description** | **Total** |
|---|---|
| Photocopies | $4,527.14 |
| Color Photocopies | $200.26 |
| Courier Delivery | $130.27 |
| Filing Services | $26.00 |
| Travel | $895.53 |
| Clearing Account | $48.00 |

| | |
|---|---:|
| Meals | $223.47 |
| Auto Rental | $209.45 |
| Accurint Search | $42.50 |
| Kansas Access Search | $352.00 |
| Computerized Research (Pacer) | $47.28 |
| Telephone Charges (teleconferences) | $2.90 |
| Court Filing Fees | $3,552.00 |
| Postage | $383.75 |
| Federal Express Deliveries | $815.73 |
| Court Cost | $200.00 |
| Certified Copies | 104.60 |
| Title Company Fees (OK) | $72.50 |
| Court Reporter | $103.30 |
| **TOTAL EXPENSES** | **$11,936.68** |

**Second Compensation Period**

36. This Second Compensation Period in fees and expenses of $711,130.93 was largely incurred in completing the Sale and Closing issues; post-sale issues; and further efforts to resolve claims, cure claims and amounts; assist with the ultimate distribution of monies to unsecured creditors; and pursue various estate assets and avoidance claims. SFBB continues to diligently work on cost effective ways of bringing funds back into the estates. No agreement exists between SFBB and any other entity for the sharing of compensation received or to be received for services rendered or in connection with the captioned cases, except to the extent permitted pursuant to Bankruptcy Rule 2016.

WHEREFORE, based upon the foregoing, SFBB respectfully requests that the Court enter an Order:

    (a)    granting SFBB an allowance of professional fees in the amount of $699,194.25 and expenses in the amount of $11,936.68 incurred on behalf of Debtors during the Second Compensation Period, and;

    (b)    granting SFBB such other and further relief as may be just and proper.

Date: June 8, 2011

SPENCER FANE BRITT & BROWNE LLP

 s/ Scott J. Goldstein
Scott J. Goldstein  KS Fed. #70505
Lisa Epps Dade    KS #18480
sgoldstein@spencerfane.com
leppsdade@spencerfane.com
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax

ATTORNEYS FOR DEBTORS AND
DEBTORS-IN-POSSESSION

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2011, a true and correct copy of the above and foregoing was sent electronically to all parties receiving electronic notice via the Court CM/ECF system and was sent via First class mail, postage prepaid, to all parties not receiving electronic notice and to the parties listed in Standing Order No. 2 .

 s/ Scott J. Goldstein
Attorneys for Debtors and Debtors-In-Possession

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF KANSAS
# KANSAS CITY

| | | |
|---|---|---|
| **In Re:** | ) | **In Proceedings Under Chapter 11** |
| | ) | |
| **CRESCENT OIL COMPANY, INC.,** *et al.*, | ) ) | **Case No. 09-20258-RDB** |
| Debtors. | ) | **Jointly Administered** |

## SUMMARY OF EXHIBIT

The following exhibit in reference to the Second Interim Application by Spencer Fane Britt & Browne LLP for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period September 9, 2009 through February 28, 2011 is available upon request:

**Exhibit A–** Monthly billing statement for the months of September 1, 2009 through February 28, 2011.

SPENCER FANE BRITT & BROWNE LLP

 s/ Scott J. Goldstein
Scott J. Goldstein  KS Fed. #70505
Lisa Epps Dade    KS #18480
sgoldstein@spencerfane.com
leppsdade@spencerfane.com
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax

ATTORNEYS FOR DEBTORS AND
DEBTORS-IN-POSSESSION